UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARLOS M. SMITH,

      Plaintiff,

                                   Civil Action 2:20-cv-784
      v.                             Judge Edmund A. Sargus, Jr.
                                   Chief Magistrate Judge Elizabeth P. Deavers

STATE OF OHIO, *et al.,*

      Defendants.

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, a state inmate at the Fairfield County Jail, brings this prisoner civil rights action under 42 U.S.C. § 1983.  (ECF Nos. 1 & 1-2.)  This matter is before the Court for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims against Defendants for failure to state a claim or to assert any claim over which this Court has subject matter jurisdiction.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>         *       *       *
>
>   (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff sets forth the following allegations in his Complaint:

1. On 10/28/2019 Judge J. Fields Gave the Plaintiff Carlos Montez Smith a Recognizance bond. Once the Plaintiff was returned to the Fairfield County Jail that order was not followed. The Plaintiff was told that he was being held for the Prosecuting Attorney. Once the Plaintiff ask[ed] the Fairfield Sherriff department to show a warrant or cause for detainment against court order they did not have a reason but that for a favor of the Prosecutor's office. (See Attachment A)[1]

2. There was not a warrant or any other legal reason for the unconstitutional Detainment. There was not a warrant issued until 10/29/2019 at 2:11 pm. (See Attachment B)[2]

   Therefore, the court documents clearly show that these parties knowingly deprived the Plaintiff of his constitutional and statutory right, and did not follow the direction of the courts, to be released which is illegal.

(Complaint, ECF No. 1-1 at p. 5.)

Plaintiff asks for the following relief:

I am requesting that the courts will uphold the Law and GRANT RELEASE IMMEDIATELY and to DISMISS WITH PREJUDICE any and all actions that transpired action [sic], because they are "Fruits of a Poisonous Tree." For all parties to be charged according to Law for using a sham legal process and Interfering with Civil Rights. That the amount of the Demand of [$]2.8 million be GRANTED without DELAY.

(*Id*. at p. 6.)

---

[1] Attachment A appears to be a Journal Entry from the Fairfield County Municipal Court following Plaintiff's arraignment on October 28, 2019 on a misdemeanor charge of obstruction of justice. It indicates that the Court issued a recognizance bond and Plaintiff could be released. The Fairfield County Municipal Court docket reflects that this case was dismissed without prejudice after Plaintiff was indicted on felony charges out of this incident. *State of Ohio v. Carlos M. Smith*, Case No. CRB1902057.

[2] Attachment B appears to be a Warrant for Plaintiff's arrest on a Complaint issued by the Court of Common Pleas on October 29, 2019. The Fairfield County Court of Common Pleas docket for this case reflects that Plaintiff was charged with tampering with evidence. *State of Ohio v. Carlos Montez Smith*, Case No. 2019 CR 00636.

## III.

### A. State of Ohio

As an initial matter, although Plaintiff names the state of Ohio as a Defendant, he fails to make any allegations directed toward it in his Complaint. Even if he had made any assertions against the state of Ohio, Plaintiff's claims would be barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution precludes a private party from bringing suit against a state or any of the state's agencies unless the state has expressly consented to the suit or Congress has properly abrogated the state's sovereign immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996); *Alabama v. Pugh*, 438 U.S. 781 , 782 (1978). "Ohio has not waived its sovereign immunity in federal court." *Mixon v. Ohio*, 193 F. 3d 389, 397 (6th Cir. 1999). And "Congress did not intend to override well-established immunities or defenses under the common law" by enacting § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (1989). Accordingly, there are very limited exceptions to state and state actor immunity here. *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009). First, a plaintiff may bring a claim against a state official acting in his or her official capacity if the plaintiff seeks only "prospective injunctive or declaratory relief." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 276-78 (1986)). Second, a plaintiff may bring a claim for monetary damages against a state official in his or her individual capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165- 68 (1985); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998).

Because none of the limited exceptions to Eleventh Amendment immunity apply here, the Undersigned finds that Plaintiff has failed to state a claim on which relief may be granted against the state of Ohio.

5

**B. Prosecutorial Immunity**

Plaintiff does mention the Prosecuting Attorney, Defendant Mark A. Balazik in his

Complaint. Defendant Balazik, however, is entitled to prosecutorial immunity. "[A]

prosecutor enjoys absolute immunity from § 1983 suits for damages when he [or she] acts

within the scope of his [or her] prosecutorial duties." *Imbler v. Patchtman*, 424 U.S. 409,

420 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must

exercise his or her best professional judgment both in deciding which suits to bring and in

prosecuting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).

Prosecutors could not properly perform this duty if every decision carried the potential

consequences of personal liability in a suit for damages. *Id.* Prosecutors, therefore, are

extended absolute immunity when the challenged actions are those of an advocate. *Spurlock

v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions

directly related to initiating and prosecuting a criminal case, but also for activities undertaken

"in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v.

Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). "'Absolute prosecutorial immunity is not

defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because

the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.'"

*Grant v. Holenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (quoting M. Schwartz & J. Kirklin,

*Section 1983 Litigation: Claims, Defenses, and Fees* § 7.8 (1986)). Plaintiff does not assert

that Defendant Balazik was acting outside of his prosecutorial duties he allegedly told the

Sheriff's Department to keep Plaintiff in detention. Defendant Balazik is therefore immune

from Plaintiff's individual capacity claim based on conduct related to the charges. *Imbler*,

424 U.S. at 420; *Grant*, 870 F.2d at 1138.

### C. Defendants Sheriff Phalen and Fairfield Sheriff Department

The Undersigned finds that Plaintiff has failed to state a claim over Defendants Phalen and Fairfield Sherriff Department. Other than naming him in the caption of the Complaint, Plaintiff fails to mention Defendant Phalen even tangentially in his allegations. Moreover, although Plaintiff asserts that he asked "the Fairfield Sherriff *department* to show a warrant or cause for detainment against court order," (Complaint, ECF No. 1), presumably he is referring to an unnamed deputy sheriff. Plaintiff attributes no specific wrongdoing on the part of the Fairfield County Sheriff's Office.

### D. Relief Requested

Plaintiff purports to bring this action under 42 U.S.C. § 1983. Plaintiff, however, seeks immediate release from custody. To the extent that Plaintiff seeks release, Plaintiff must proceed by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. A civil rights action is not a substitute for habeas corpus. When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 787 (1994); *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for a prisoner who seeks immediate or speedier release from confinement."). Consequently, the Complaint fails to state a claim for relief under 42 U.S.C. § 1983 in this regard. To the extent that Plaintiff seeks release from confinement, his appropriate remedy is a petition for habeas corpus relief.

**IV.**

For the foregoing reasons, it is **RECOMMENDED** that the Complaint in its entirety be

**DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A for failure to state a claim for

relief on which relief can be granted. It is **FURTHER RECOMMENDED** that the Court

certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order

adopting this Report and Recommendation would not be taken in good faith and therefore, if

Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See McGore

v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review of by the District Judge

and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l

Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the

magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the

district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


Date: July 20, 2020                      */s/ Elizabeth A. Preston Deavers*
                                           ELIZABETH A. PRESTON DEAVERS
                                           CHIEF UNITED STATES MAGISTRATE JUDGE